We move to the fifth case this morning, United States v. Lockett. May it please the Court, my name is Kristen Nelson and I represent the defendant, David Lockett. The District Court erred when it sentenced Mr. Lockett as an armed career criminal by using 1990 state of Illinois drug convictions as predicates. First, the District Court wrongly found that these 1990 convictions carried maximum terms of imprisonment of 10 years or more without any evidence. The government argued and the District Court agreed that under Illinois law, because Mr. Lockett had a 1984 narcotics conviction, he was subject to a recidivist enhancement under Illinois revised statutes, chapter 56 and a half, section 1408, for his 1990 convictions. But section 1408 is not a mandatory penalty enhancement, but rather one that a sentencing court may invoke. Illinois appellate courts have held that in order for a defendant to be sentenced under 1408, three factors must occur. The defendant must be convicted of a narcotics violation, he must then commit another narcotics offense which leads to his second or subsequent conviction, and most importantly, the enhanced penalties provision must be specifically invoked by the trial court when imposing sentence. And the government argued that it doesn't matter whether or not 1408 was invoked because Mr. Lockett was eligible for the recidivist enhancement. But this argument is contrary to the Supreme Court's decisions in United States v. Rodriguez in Carachuri-Rosendo v. Holder. Both Rodriguez and Carachuri create procedural requirements for using prior state conviction as predicates under the Armed Career Criminal Act. In Rodriguez and Carachuri, the Supreme Court held that where the records do not show that a defendant faced a recidivist enhancement, the government will be precluded from establishing that a conviction was for a qualifying offense under the Armed Career Criminal Act. These records include evidence from the sentence length, the judgment of conviction, a publicly available charging document showing that a defendant faced a recidivist enhancement, or a plea colloquy that includes a statement by the trial judge regarding the maximum penalty. Here the government did not provide any evidence that Mr. Lockett was subject to the Illinois recidivist enhancement other than a 1984 conviction. There is no evidence that Mr. Lockett was going to be subject to recidivist enhancement, and there's also no evidence that the sentencing court invoked the recidivist enhancement before those 1990 convictions. Does Illinois, I gather Illinois law doesn't require something like an 851 notice in federal court for a recidivist enhancement on drug convictions, where the prosecution has to file a notice in order to trigger the enhanced penalties? They don't have to, not in Illinois, they don't have to file a notice, but if it's going to be invoked, the sentencing court does have to state that it is invoking the sentencing enhancement. Right. But if I understand this correctly, the federal standard is he simply has to have been subject to the enhanced penalty to use it as a predicate, right? Right. But Kerr, Cherry, and Rodriguez seemed to create a consistency among, wanting to create a consistency. If you want to use state predicates, there needs to be something on the record. There needs to be something to show that he was eligible, and there's nothing here to show that. Why isn't the 1984 record of conviction and the Illinois statute the sufficient basis to say, yes, he was vulnerable to the 10-year and 14-year sentences? There's nothing to show that that 1984 conviction came into play for the 1990 convictions. I'm sorry, I didn't hear you. There's nothing to show that the 1984 conviction came into play for the 1990 convictions. What do you mean came into play? That the sentencing judge or the... Was he aware of it? Was who aware of it? The sentencing judge in 1990. We don't know. There's nothing in the records to show that he was aware of it. So if he had been aware of it, then what? Then there would have been, there needs to be something in the records to show that he was, but that's the problem. We don't know because... Well, suppose he was aware of it, then what's the result of that, him knowing it? If he was aware of it, and it was somehow used in determining sentencing, then it wouldn't make a difference. But here, there's nothing to show that the sentencing judge was aware of it, and if you look at the documents that were provided at sentencing in the current case, nothing mentions that Mr. Lockett was subject to 10 to 14 years in prison. When the probation department, or when the government provides the additional convictions to support this, it's been a long time since I've sentenced anybody to federal court, but what documents are they required to produce, if any? Is this verbal, or is it... I apologize, could you repeat the question? How do you support the enhancement with prior convictions? What evidence? There, it should be in the judgment of conviction that he faced a maximum penalty, or in a plea colloquy stating... That's what I'm saying, so how do you get that in the records, is my question. Because there could be a transcript from the plea and sentencing, there could be a certified... Okay, so you've written a transcript, and then you submit that at sent? Correct, or a certified judgment of conviction, or something in the information, or the complaint that would give notice, but here there was nothing. So with that, in looking at Rodriguez, the Supreme Court actually walked through what the maximum term of imprisonment is customarily understood by participants in the criminal justice system, and I think looking at that discussion is important, because if a defendant is facing a maximum penalty or a recidivist enhancement, he's going to speak to his attorney, and the attorney should be telling him what that maximum penalty is. Furthermore, in federal court, if the judge, if he's going to be sentenced or plea to it, the judge has to tell him what the maximum penalty is. Sometimes, not sometimes, those prior convictions will be included in a pre-sentence report. Right. Does a pre-sentence report, in and of itself, sufficient to support those prior convictions, support an enhancement? The pre-sentence report from this particular case, or from the 1990 convictions? In general. This case, then you can go to this case. Well, if they were shown in the 1990 convictions that the 1984 conviction was being considered for Mr. Lockett's sentencing, then yes. But in this case, there's nothing to show that that 1984 conviction was considered in the 1990 convictions. And how would that be shown? By transcript or what? Judgment of conviction, somewhere in the information. Somewhere there would be something on the record showing that this came into play. And I think... Well, this gets back to my point. Is it sufficient, then, just to be in a pre-sentence report? Or is there evidence submitted? I think if it's in the pre-sentence report and it's not challenged, then that is sufficient. But if it's going back, it would be looking at the 1990 conviction to see if it was there. Okay. So, I would also look, you know, the big difference between this case and Rodriguez, where the defendant was found to be an armed career criminal, is there was a judgment of conviction that showed that Rodriguez was subject to a maximum penalty of 10 years or more. Once again, as I've said, there was no evidence here that Mr. Lockett did face a recidivist enhancement other than the statute that was out there. Quickly, because I do want to save my time for rebuttal, I will also say it's important to note in this case the court made a factual finding on the record that when during sentencing it found an objectively reasonable person in Mr. Lockett's position would have believed that the restoration of rights letter sent to him in September 1985 would have applied to the 1990 convictions. And this court should find that those 1990 convictions were covered by the 1990 restoration of rights letter. For these reasons, Mr. Lockett... Is there any rebuttal yet, though? Yes. So, we request the court vacate a sentence and remand the case back to the district court for resentencing without enhancement.  Ms. Greenwald? Good morning, Your Honors. Helene Greenwald on behalf of the United States. The district court correctly found that the defendant's 1990 drug convictions qualified as serious drug offenses under the Armed Career Criminal Act, and in particular that under Illinois' recidivist statute, defendant's 1990 drug convictions carried maximum sentence of 10 years or more for repeat offenders like the defendant. Record before the district court was ample to support this finding. As this court recognized in United States v. Perkins and United States v. Hanton, all that is required to trigger application of the Illinois recidivist statute is a prior drug conviction. The Illinois state cases do say that if a judge, a state court judge, is going to sentence the defendant to the double sentence or something that extended the maximum, in imposing that greater sentence, you must invoke, I'm doing it under the authority of the Illinois recidivist statute. So this would be part of the judgment of conviction? Right. When you're invoking it to go to that maximum. But in a case like this where the judge did not invoke it, there's no disagreement that in these 1990 cases, the court did not invoke the maximum sentence he could have imposed. Is that a statutory requirement that it be part of the judgment of conviction? No, there is no statutory requirement at all. In fact, the whole idea of invoking it is dicta in a 1978 case called Phillips that was well in existence when this court decided Perkins and Hanton. In the plain language of the recidivist statute, all that's required is a prior existing judgment of conviction for a drug offense. That's all. Illinois distinguishes these cases from a lot of the cases out of other states that have different legislative systems that require notice or require that the prosecutor allege it or require it be included in the judgment and conviction order. Illinois requires none of that. And what the Congress did in the Armed Career Criminal Act was to leave it to the determinations of these state legislatures as to what the maximum sentence is. And in Illinois, the maximum sentence if you are a recidivist offender is double the maximum otherwise. And the record here showed conclusively and defendant does not contest that he had a 1984 conviction that qualified for the recidivist provision and that a judge may or may not have made a mistake. We don't know what happened in that plea when he was sentenced or when he pled guilty in the 1990 cases, but that a judge may or may not have made a mistake that would have allowed him to withdraw his guilty plea had he sentenced him to the maximum or had the judge made some other error in sentencing him and not even knowing about the maximum. It doesn't negate the fact that that crime committed by this defendant with a prior conviction carried the maximum any more than it would in a case if a judge was mistaken or the prosecutor was mistaken about what the maximum was in a non-recidivist case. You know, if a crime carries a penalty of 10 years or greater, it qualifies even if everybody at that guilty plea or that case was mistaken about what it carried, leaving aside the recidivist. It should make no difference in the state of Illinois when it's a recidivist at issue. Ms. Greenwald, the government argued in your brief that any error along these lines would have been harmless because of this Class X felony. The defendant's reply brief includes some arguments that address that. Do you have anything to say in response to them? Basically, we took this position in good faith, Your Honor. He admitted to it, to the conviction for the armed violence in his plea agreement paragraph page, which is at R59 at the record. I'm not questioning your good faith. Do you stand by the arguments? Well, here would be our position. If the defendant in good faith is contesting that he was in fact convicted of that crime, then the government would take the position. We do not seek to sentence someone to an armed career criminal mandatory minimum sentence of 15 years, especially when a judge says he wouldn't have imposed it, if that's not accurate. So our position would be first you should decide this on the merits, and we have the three leaving that aside. But if you do need to go to that issue, we would not object to remanding it to the district court to resolve that factual issue. But we do stand by we believe it's a conviction based on the records we have. I've struggled for a long time with these civil rights letters, the restoration letters, and I know your office and your colleagues and criminal defense lawyers in federal courts throughout Illinois have struggled with this. What is Illinois doing now with respect to these letters? Your Honor, I'm afraid I do not know. Does anybody give them any advice? I'm afraid I do not know, and I understand your frustration. I mean, if Mr. Lockett had taken this letter to a voting registrar, said, I want to register to vote, he should have been able to register, don't you think? Well, Mr. Lockett had a prior 1981 conviction as a felon. So in Mr. Lockett's case, really any arguments about mousetrapping or whatever that word is, any of that, really is weak as to Mr. Lockett. Well, I know we've got our Burnett case out there. Yes, you do. But if I get a letter, I've been released from prison, you've paid your debt to society, your rights are restored, how am I supposed to, why can't I take that at face value and say, look, the state knows my record as well as I do, maybe better, and they say I can vote again? Well, that's not what the letter says exactly. What it says is that you have completed your sentence as of, and then it has a particular date. And what this court decided in Burnett was by referencing that particular date on which that sentence was completed, and then going on and discussing these restoration of rights. They made it clear, communicated to the defendant, that it's referring to the convictions that you completed on that date. And in Burnett, it had been five years ago. In this case, it had been 15 months that he'd completed his other. And recently in Boyce, where the defendant completed his sentence 14 months before, this court said that's not enough to distinguish anything from Burnett. And, in fact, in Burnett, the court said we can understand the concerns that you're voicing, Your Honor, if he got off both crimes or both sets of convictions on the same date and completed his sentence. But here, that's not the case. It seems awfully confusing, though, to tell somebody your rights are restored for this conviction while holding your hands crossed behind your back saying, but actually this is an entirely hollow notice because you still haven't gotten them back from your 1981 conviction. Right. Well, in his case, it really, I mean, if you go to those, we're talking about two different sets of convictions, 1990 and 1993. But as to this defendant, I mean, he did. How could he possibly have thought that a letter he's receiving in 1995 saying he completed his sentence, this is in connection with completing your sentence, referred back to a conviction he had in 1991? It would be perfectly reasonable. Look, I don't know. I'm not an expert in the law. I don't know what rights I get. But I know I've finished my sentence, and now here you're telling me my rights are restored.  It's a splendid philosophic discussion. I understand your argument, Your Honor. And your position. But that very argument, that very position, was rejected by an en banc court in Burnett. Don't take credit for the condition of the law. So that's where we are. But the government's position would be, under Burnett, it's controlling in this case. This court came to the conclusion that it's neither mousetrapping or any other issue involved here in getting this letter. And the government would contend that any equity concerns or fairness concerns really are not applicable to a defendant, particularly in this case, where he had a prior conviction in 1981. And in fact, this defendant went on and kept committing crimes so that he had them. He has an even more recent conviction in 2005, I believe it is, for the burglary. So unless the court has any other questions, we will rest on our brief and our argument this morning and ask you to affirm his conviction and sentence. Thank you, Counsel. Ms. Nelson. Thank you. First, I think it's important to note that both Perkins and Hinton were decided prior to Carachuri and Rodriguez. And the government concedes that there's no evidence on the record that 1408 was invoked. And if they want to use Illinois recidivist statutes in federal cases, there needs to be something on the record. Rodriguez says that federal courts aren't going to have to do this digging into old state cases and old state laws in order to find whether or not a defendant was subject to a recidivist enhancement. But that's exactly what this court had to do. It had to postpone sentencing one time, have both the government and the defendant go back and rebrief their cases, and then come back and have a lengthy sentencing trying to determine whether or not these 1990 convictions counted as predicates. In regards to whether or not this case is different from Burnett or whether it can be reconciled with Burnett or even with Boyce, which was a recent decision by you, I think it's distinguishable because the judge did make a factual finding in this case. Like you, he could not understand why a defendant in Mr. Lockett's position would not think that his letter he received in September 1995 did not cover his 1990 convictions. And he actually went into prison on the same day for the 1990 revocation, along with the 1993 convictions. I think in Mr. Lockett's mind, he was serving concurrent sentences, and the letter he received in September 1995 did apply to his 1990 convictions. Ms. Nelson, the problem I have with that argument here is you're not raising this as a complete defense, right? No. And so, as I understand it, the theory about a mousetrap trapping sort of risk here is that Mr. Lockett was willing to take his chances on a 10-year maximum with a felon in possession, knowing he was still barred from possessing a firearm, but is just claiming, well, if I'd known that the Armed Career Criminal Act would apply, then I would have obeyed the law. Is that the premise? It's hard to know what Mr. Lockett would think, but I think it's safe to say that, yes, if he had known, it would have changed his position, I think, in playing into the court case and perhaps even following the law, because in his mind, those 1990 convictions didn't count. So we are asking that you remand this case back to the District Court for sentencing without the Armed Career Criminal Enhancement. Ms. Nelson, you were appointed in this case, and you have the thanks of the court for your fine representation of your client. Thank you very much.